## LAMBERSON v. OWEN.

This court will not, on certiorari, reverse the judgment of the Common Pleas, dismissing an appeal, where there is no error apparent on the record, nor any shown to the court.

It has been the practice of this court, for a series of years, to remit the record in a variety of cases, removed into this court by certiorari.

---

This was a certiorari directed to the Common Pleas of Middlesex county. The history of the case will be found in the opinion of the court, delivered by the Chief Justice.

*C. L. Hardenbergh*, for plaintiff in certiorari.

*J. W. Scott*, contra.

HORNBLOWER, C. J.   On the 7th January, 1831, Owen obtained judgment before a justice of the peace, against Lamberson. From that judgment, Lamberson appealed. The papers were sent up, and the appeal was entered in the Common Pleas of Middlesex, in the term of March, 1832. The appellant then took a rule on the justice, to certify whether the defendant before him, had demanded an appeal; whether the same was granted · whether the appellant had filed, with the justice, the

affidavit required by law; and whether a certain person had been sworn as a witness in the cause. Nothing further appears to have been done on this appeal, in the Court of Common Pleas, until the term of September, 1832. At that term, (which commenced on the 10th day of September,) the Court of Common Pleas, on motion of Mr. Scott, of counsel with the appellee, dismissed the appeal; the same having been irregularly brought, and not prosecuted to effect, according to law.

Upon looking at the papers sent up to this court, it appears, that the justice never responded to the rule taken on him until the 17th of September, 1832, and his answer was received and filed by the clerk on the 18th of that month, which was seven or eight days after the commencement of the term; but, whether before or after the appeal had actually been dismissed, does not appear; the order of dismissal being entitled of the term generally, and not of the day on which it was made. However that fact may be, there is nothing before this court, upon which it can adjudicate, but the order of the Court of Common Pleas dismissing the appeal.

It is insisted by the counsel for the defendant in certiorari, that if the plaintiff's object is to get the appeal restored, he has mistaken his remedy; that he should have applied for a mandamus, instead of having the record certified into this court. That this certiorari is in the nature of a writ of error; and this court, being a court of trial and of execution cannot remit the record; but must try the cause, and render such judgment as the court below ought to have done. That the *remittitur recordum* is only from appellate tribunals, that have not the write of execution; such as the House of Lords in England, and the Court of Appeals in this state; that the writ of certiorari to the court for the trial of small causes, is given by the statute, and comes in the place of a writ of error, and must therefore be governed by the same principles; that it is not like a certiorari at the common law, which this court may award, for the purpose of having some proceeding certified to it, not for the purpose of holding plea of the record, but as ancillary to the principal matter, and for the better administration of justice.

It is not necessary for the settlement of this case, to be very

learned on the doctrine.of certiorari; but without expressing any opinion upon the propriety of remitting the record, I will only remark, that such has been the practice, in a variety of cases, and for a series of years. In many cases, it would be difficult, if not impossible, to reach the ends of justice, without doing so. In the case, for instance, of certiorari to the Orphans' Court, in matters of account and other proceedings, touching the settlement and distribution of estates, I do not see how justice can be administered if the record is retained in this court.

But in this case, there is no error apparent on the record, nor is any shown to us. For all that appears, the court below proceeded according to the usual course of the court, and their settled rules of practice. / They dismissed the appeal, because it was not prosecuted to effect by the appellant. Whether he was in laches or not, was a question proper for the court, below to determine, and we cannot reverse their decision, unless they have violated their own rules, or some rule of law. It does not appear that such has been the case; and therefore, on this ground, the proceeding below ought to be *affirmed* with costs.

CITED in *N. J. R. R. & Tr. Co.* v. *Suydam*, 2 *Harr.* 42.